IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Metro Tech Service Corp., | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. 07 C 0101 |
| | ) |
| Payless Shoe Source, Inc., | ) Judge Virginia M. Kendall |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

Metro Tech Service Corp. ("Metro Tech") petitions this Court, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, to confirm an arbitration award ("the Award") entered in its favor against Payless Shoe Source, Inc. ("Payless"). In response, Payless applies to modify the Award based upon an alleged miscalculation in the amount of Metro Tech's outstanding invoices–a calculation that Payless stipulated to in the underlying arbitration and now seeks to challenge. Because Metro Tech did not contest the amount of the invoices during the arbitration proceeding and because the alleged miscalculation of the invoices is not "evident," there are no grounds under the FAA to modify the Award and no genuine issues of material fact exist that preclude a judgment confirming the Award.

**Background**

On April 1, 2004, Metro Tech and Payless entered into an agreement in which Metro Tech agreed to service the heating, ventilation and air conditioning ("HVAC") units at the vast majority of Payless' more than 4,000 retail outlets. (Answer to Petition to Confirm Arbitration Award ("Confirm"), ¶¶ 1, 7.) Paragraph 9 of the services agreement contained an arbitration clause providing that "all controversies or claims arising out of or relating to this Agreement . . . shall be finally resolved by binding arbitration in accordance with the commercial rules then in force of the

American Arbitration Association." (Exhibit A to Petition to Confirm Arbitration Award, ¶ 9.) The clause stated further that "[a]ll orders, injunctions or judgments rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof and shall be final and binding upon the parties." (*Id.*)

In July 2005, Payless terminated its contractual relationship with Metro Tech and refused to pay any outstanding invoices because it believed that Metro Tech had committed fraud against Payless. (Confirm, ¶ 9.) On November 29, 2005, Metro Tech filed a demand for arbitration seeking payment of the outstanding invoices. (*Id.*, ¶ 10.) Payless filed a $3 million counterclaim based on Metro Tech's alleged fraud. (Reasoned Final Award, p. 2.) From September 11-14, 2005, Metro Tech and Payless participated in an evidentiary hearing before a panel of three arbitrators of the American Arbitration Association. (Confirm, ¶ 11.) On December 12, 2006, the arbitration panel entered its Reasoned Final Award in Metro Tech's favor and against Payless. (*Id.*, ¶ 12.) Based on the parties' stipulation as to the amount of the outstanding invoices, the panel awarded Metro Tech $1,493,617.53. (Application to Modify Arbitration Award ("Modify"), ¶ 7; Reasoned Final Award, pp. 5-6.) Payless now contends that the parties made a mistake in calculating the outstanding invoices. (Modify, ¶ 9.) As a consequence of the parties' miscalculation, the stipulation allegedly overstated the amount of the invoices by $105,773.50. (Modify, ¶ 13.) To date, Payless has paid Metro Tech $1,204,321.54. (Confirm, ¶ 12.)

**Standard of Review**

A party may move for judgment on the pleadings under Rule 12(c) after an answer to the complaint has been filed. *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 757 (7th Cir. 2006). The party moving for judgment under Rule 12(c) must demonstrate that there are no material issues of fact to be resolved and that it is entitled to judgment as a matter of law. *Brunt v. Service*

2

*Employees Intern. Union*, 284 F.3d 715, 718-719 (7th Cir. 2002).

## Discussion

The FAA provides that "any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Section 10 lists several grounds for vacating or modifying an award where the award was obtained through fraud or other misconduct. *See* 9 U.S.C. § 10(a)(1)-(4). Section 11 provides:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration--
>
> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
>
> The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

9 U.S.C. § 11(a), (c). An arbitration award also may be vacated or modified if the arbitrators "deliberately disregarded what they knew to be the law in order to reach the result they did." *Health Services Management Corp. v. Hughes*, 975 F.2d 1253, 1267 (7th Cir. 1992).

Payless argues first that this Court has the authority under the final sentence of § 11 to modify the Award to effect the parties' intent and promote justice even if none of the conditions in subsections (a) through (c) are met. This Court's authority under § 11 is not so broad. A district

3

court's authority to modify or correct an award so as to promote justice may be invoked only "[i]n either of the following cases" listed in (a)-(c).[1] *See Menke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994) (identifying the limited instances in which an award may be vacated or modified). As such, Payless must establish one of the conditions specified in § 11(a)-(c).

In terms of those conditions, Payless argues that the Award should be modified under § 11(a) because the parties made a mutual mistake in calculating the amount of the outstanding invoices. Metro Tech disagrees that there was any factual error in the parties' stipulation that was entered into prior to trial. In fact, Metro Tech asserts that it invested a significant amount of time and effort to verify the figure at trial and was prepared to call witnesses at trial to support the amount. This same effort to calculate an amount was not reciprocated by Payless, which chose not to challenge the calculation conducted by Metro Tech prior to trial, but rather, to accept their calculation. The reason for their failure to conduct their own analysis during the underlying proceedings is not evident from the record but may be attributed to a variety of strategic decisions including an effort to save the expenditure of time and cost. Regardless, Payless chose to accept the figure that Metro Tech calculated and indeed stipulated to the amount. The parties' alleged miscalculation therefore is not sufficient grounds to modify the Award.

First, Payless waived its argument by not challenging the amount of the outstanding invoices during the arbitration proceeding. *See Ganton Technologies, Inc. v. International Union, United Auto., Aerospace and Agricultural Implement Workers of America, U.A.W., Local 627*, 358 F.3d 459, 462 (7th Cir. 2004) ("The failure to pose an available argument to the arbitrator waives that

---

[1] Even were this Court given such plenary power, the circumstances here do not justify modifying the Award. Payless does not allege that it did not have complete information regarding the invoices at the time of the arbitration hearing. Thus, assuming the parties miscalculated the outstanding invoices, a substantial portion of the fault for the miscalculation lies with Payless.

4

argument in collateral proceedings to enforce or vacate the arbitration award"). In fact, Payless stipulated to the amount owed on Metro Tech's outstanding invoices. Payless asserts now, post trial, that the parties entered into a a stipulation that overstated the amount that Metro Tech owed and that this overstatement is the result of mutual mistake. Metro Tech does not agree. This factual dispute, in and of itself, is the type of dispute that the parties could have and would have resolved during the arbitration; yet Payless chose not to do so at the time. Instead, Payless chose to enter into the stipulation at the time of the trial.

The stipulation alone does not prevent this Court from reviewing what may be an alleged injustice. A district court has the power to relieve a party from a stipulation if the facts show that it is reasonable to do so. *See Cates v. Morgan Portable Building Corp.*, 780 F.2d 683 (7th Cir. 1985)(District court acted within its broad discretion when vacating a damages stipulation that failed to take into account mitigating damages in order to prevent a manifest injustice). Here, however, no injustice occurred because the stipulation entered into does not reveal the claimed mistake on its face that Payless argues and the facts reveal that Payless had ample opportunity to review the stipulation during the trial. *Cf. Id.* (Facts of underlying trial did not fully illuminate the issue of mitigation of damages which became the main issue only after appellate court reversed judgment).

Second, § 11(a) does not apply because the alleged miscalculation or mistake is no *evident* either on the face of the award or from the arbitration record. *See Matter of Arbitration Between Household Mfg., Inc. and Kowin Development Corp.*, 822 F. Supp. 505, 508 (N.D. Ill. 1993) (based on undisputed facts submitted to the arbitrator in a post-hearing brief, "[t]he first damage award involves an evident and material miscalculation of figures"), *aff'd Eljer Mfg., Inc. v. Kowin Development Corp.*, 14 F.3d 1250, 1254 (7th Cir. 1994) ("Double recovery constitutes a materially

unjust miscalculation which may be modified under section 11 of the Federal Arbitration Act").[2]

In order to establish a material miscalculation in the Award, Payless would need to submit evidence outside of the arbitration record. A federal court's role in reviewing an arbitration award is a summary one. *See Menke*, 17 F.3d at 1009 (7th Cir. 1994) ("[A]n action for confirmation under 9 U.S.C. § 9 is intended to be a summary proceeding that merely makes the arbitrators' award a final, enforceable judgment of the court"). If a party were entitled to present additional evidence – evidence that was available at the time of the arbitration – to collaterally attack an arbitration award, there would be little incentive to pursue fully its case before the arbitrator. In this way, the FAA's requirement that the miscalculation or mistake be "evident" conforms with the underlying goals of arbitration – efficiency and finality. *See National Wrecking Co. v. International Broth. of Teamsters, Local 731*, 990 F.2d 957, 960 (7th Cir. 1993) ("Judicial review of arbitration awards is narrow because arbitration is intended to be the final resolution of disputes").

The only disputed issue of fact that Payless identifies is whether the parties made a mutual mistake in their stipulation regarding the amount of the outstanding invoices. This fact is not material. *See Patel v. Allstate Ins. Co.*, 105 F.3d 365, 370 (7th Cir. 1997) ("An issue of fact is 'material' if it is outcome determinative"). Regardless of whether the parties or the arbitrators miscalculated the amount of the outstanding invoices, this fact is not material under the FAA unless the miscalculation is also evident from either the award itself or, at a minimum, from the evidence presented during the arbitration proceedings. Since Payless cannot prove a material miscalculation

---

[2] *See also Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 194 (4th Cir. 1998) ("[T]he miscalculation was not 'evident' because it did not appear on the face of the arbitration award"); *Prestige Ford v. Ford Dealer Computer Services, Inc.*, 324 F.3d 391, 396-397 (5th Cir. 2003) ("'[E]vident material calculation' occurs where the record that was before the arbitrator demonstrates an unambiguous and undisputed mistake of fact and the record demonstrates strong reliance on that mistake by the arbitrator in making his award").

without presenting new evidence, no genuine issue of material fact exists and the Award must be confirmed. *See* 9 U.S.C. § 9.

**Conclusion and Order**

Metro Tech's Motion for Judgment on the Pleadings is granted and the Award is confirmed without modification. Judgment is entered against Payless in the amount of the Award not paid plus interest under K.S.A. § 16-201 on the amount of the Award not challenged in Payless' Application to Modify.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: July 6, 2007